IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER AND STEPHANIE AMICK,<br><br>Plaintiffs,<br><br>v.<br><br>S & K TRANSPORT LLC, a California limited liability company,<br><br>and<br><br>LY NGOC NGUYEN, a California resident,<br><br>Defendants. | CASE NO. C12-4084DEO<br><br>PLAINTIFFS' COMPLAINT AND JURY DEMAND |

Plaintiffs Christopher and Stephanie Amick, by and through counsel, and for their causes of action against Defendants S & K Transport LLC and Ly Ngoc Nguyen, state:

## PLAINTIFFS

1. Plaintiffs Christopher and Stephanie Amick are husband and wife over the age of twenty-one (21) and reside at 18273 190th Street, Onawa, Iowa 51040.

## DEFENDANTS

## DEFENDANT LY NGOC NGUYEN

2. Upon information and belief, Defendant Ly Ngoc Nguyen (hereinafter "Defendant Nguyen") currently resides and can be served at 13382 Palm St., Apt 2, Garden Grove, California 92843.

1

3. Defendant Nguyen was employed by Defendant S & K Transport LLC and acting within the course and scope of that employment at the time of the subject collision.

4. Defendant Nguyen was the tractor-trailer driver at the time of the wreck at issue in this case.

## DEFENDANT S & K TRANSPORT LLC

5. Defendant S & K Transport LLC (hereinafter "S&K Transport") is a California corporation. Service may be had by serving its registered agent, LEGALZOOM.COM, INC (C2967349) at 100 W. Broadway, Suite 100, Glendale, CA 91203.

6. At all times relevant, Defendant S & K Transport was a motor carrier and/or a driver leasing company which furnishes temporary and permanent drivers on demand and/or was engaged in the business of buying, manufacturing, and leasing vehicles, including tractor-trailers.

7. Upon information and belief, Defendant S & K Transport has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided for use in transporting goods throughout the United States, including the State of Iowa.

8. At all times relevant hereto, Defendant S & K Transport was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Nguyen, who was acting within the course and scope of his employment with Defendant S & K Transport.

## JURISDICTION

9. Jurisdiction is proper in this Court as complete diversity exists between all plaintiffs and all defendants, the cause of action accrued in the State of Iowa and Plaintiffs are seeking damages in excess of $75,000.

2

## VENUE

10. Venue in the United States District Court, Northern District of Iowa, Western Division is proper pursuant to 28 U.S.C. § 1391 in that the cause of action giving rise to this lawsuit occurred in Woodbury County, Iowa, and none of the Defendants are Iowa residents.

## FACTS COMMON TO ALL COUNTS

11. Interstate 29 (hereinafter "I-29") is a public interstate highway generally running north and south at the location relevant herein.

12. On January 24, 2012, at approximately 2:40 p.m., Defendant Nguyen was operating a Freightliner tractor-trailer owned and/or leased by S & K Transport on southbound I-29. He and his co-driver, James Nguyen, were hauling fresh produce.

13. On January 24, 2012, at approximately 2:40 p.m., at mile-marker 132 along I-29 near Salix, Iowa, Defendant Nguyen entered a scale stop operated by the Iowa Department of Transportation (Iowa DOT).

14. An Iowa DOT officer reported on Defendant Nguyen's stop at the mile-marker 132 scales as follows:

"truck entered scale slowly with 4-way flashers on, sagging at the drive axles, . . . left outer tire on axle 2 is flat with audible air leaking from near center of drive axles, main emergency supply line relay valve was broken from mount at rear of cab and was spliced back on using rubber hose and hose clamps. Driver stated was in route to nearest truck stop for tire repair. driver was unable to carry on normal conversation in english w/o assistance of co-driver."

15. At the mile-marker 132, the Iowa DOT officer put Defendant Nguyen and his tractor-trailer out-of-service for "TIRE-FLAT AXLE 3/L/OUTER" (393.75A3), "IMPROPER

3

CONNECTION-HOSE CLAMP AT EMRG LINE RELAY" (393.45), and "NON-ENGLISH SPEAKING DRIVER" (391.11B2). Defendant Nguyen was also cited for other violations, including "OPERATING A CMV WITHOUT PERIODIC INSPECTION" (396.17C).

16. Upon information and belief, Defendant Nguyen remained at the Iowa DOT scales at Salix until the officers left.

17. Upon information and belief, Defendant Nguyen was told that if the tractor was fixed, Defendant Nguyen and his passenger could continue their trip as long as Defendant Nguyen – the out-of-service driver – was not driving.

18. Defendant Nguyen ignored the instructions by the Iowa DOT officers and continued his route on southbound I-29 in the either the right-hand lane or right-hand shoulder.

19. On January 24, 2012, at approximately 6:30 p.m., Christopher Amick was operating a 2004 Buick southbound on I-29 in the right-hand lane.

20. On January 24, 2012, at approximately 6:31 p.m., a collision occurred involving the back of the tractor-trailer driven by Defendant Nguyen and the front of the 2004 Buick driven by Christopher Amick.

21. The wreck occurred at approximately 6:31 p.m. at mile-marker 129.

22. The subject collision occurred three (3) miles from the Iowa DOT scales where Mr. Nguyen and his truck where put out of service.

23. Mr. Nguyen was traveling 10 m.p.h. at the time of the collision.

24. The tractor-trailer driven by Defendant Nguyen was in the right-hand lane or partially in the right hand shoulder of southbound I-29 at the time of the collision.

## COUNT I
## NEGLIGENCE
**(Plaintiffs v. All Defendants)**

25. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 24 above, as though fully set forth herein.

26. At the time of the negligent acts described herein and at all times mentioned, Defendant Nguyen, individually, and Defendant S & K Transport by and through their servants, employees and /or agents, actual or ostensible, had a duty to possess and use the highest degree of care that a very careful and prudent person would use under the same or similar circumstances, and had a duty to follow the rules of the road.

27. Defendant Nguyen, individually, and Defendant S & K Transport, by and through their servants, employees and /or agents, actual or ostensible, breached their duty and committed the following acts of negligence and carelessness by failing to meet the requisite standards of due care, skill and practice as required by members of their profession, as follows:

(a) In negligently and carelessly violating the rules of the road by driving too slow for the road conditions and circumstances;

(b) In negligently and carelessly disregarding out-of-service orders by the Iowa DOT in disregard of § 391.15 of the Federal Motor Carrier Safety Regulations;

(c) In negligently and carelessly failing to keep a careful lookout;

(d) In driving in a careless and imprudent manner;

(e) In operating a commercial motor vehicle in a defective condition;

(f) In driving a commercial motor vehicle in violation of state and federal laws and/or regulations applicable to commercial motor vehicles;

(g) In driving or allowing a commercial motor carrier to be driven when the driver's ability or alertness was so impaired or so likely to become impaired through fatigue as to make it unsafe for him to continue to

5

operate a motor vehicle in violation of § 392.3 of the Federal Motor Carrier Safety Regulations; and

(h) In driving or allowing a commercial motor carrier to be driven by a driver who is not qualified to drive a commercial motor vehicle under § 391.11 of the Federal Motor Carrier Safety Regulations.

28. Defendant S & K Transport was also negligent in that:

(a) Defendant did not hire competent, satisfactory, qualified, safety-conscious employees to operate vehicles;

(b) Defendant misjudged and/or overestimated the skills of their employees, specifically Defendant Nguyen, in his ability to drive their vehicle;

(c) Defendant failed to train, educate, direct, prepare, or give guidance to their employees such as Defendant Nguyen in the use of their vehicles;

(d) Defendant failed to supervise or oversee their employees, such as Defendant Nguyen, in the use of their vehicles;

(e) Defendant failed to train, educate, direct, prepare or give guidance to their employees such as Defendant Nguyen as to what to do in situations of out-of-service orders;

(f) Defendant negligently entrusted their tractor-trailer to Defendant Nguyen without the proper training, experience and ability to safely operate a commercial vehicle; and

(g) Defendant were negligent in hiring and retaining Defendant Nguyen in that they failed to obtain certain background information required by the Federal Motor Carrier Safety Regulations before allowing Defendant Nguyen to operate their tractor-trailer.

29. As a direct and proximate result of the defendants' negligence and carelessness, committed by each defendant jointly and severally, Christopher Amick was caused to suffer severe, permanent and progressive injuries.

30. As a further direct and proximate result of the defendants' negligence and carelessness, committed by each defendant jointly and severally, Christopher Amick experienced

6

severe physical injury, great physical and mental pain, anguish, suffering, and medical expenses, and will incur medical expenses in the future.

31. As a further direct and proximate result of the defendants' negligence and carelessness, committed by each defendant jointly and severally, Christopher Amick has suffered economic loss, loss of income and earning capacity and will suffer loss of income and earning capacity in the future.

32. Defendants' conduct which caused this damage constituted willful and wanton disregard for the rights or safety of others in that the conduct was in complete indifference to and/or conscious disregard for the health and safety of Christopher Amick, and other persons similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against defendants, and each of them jointly and severally, in an amount in excess of $75,000 to be determined by the jury, for punitive damages, together with interest and costs of suit and for such other relief as is just and proper.

## COUNT II
## NEGLIGENCE PER SE
### (Plaintiffs v. All Defendants)

33. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 32 above, as though fully set forth herein.

34. The State of Iowa has enacted laws and regulations governing the operation of motor vehicles on the roads and highways of this state, including:

    a. Iowa Code 321.277 Reckless driving.

        Any person who drives any vehicle in such manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving.

b. Iowa Code 321.285 Speed restrictions.

> 1. Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit the person to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law.

c. Iowa Code 321.285 Speed restrictions.

> 5. e. Any kind of vehicle, implement, or conveyance incapable of attaining and maintaining a speed of forty miles per hour shall be prohibited from using the interstate road system.

35. Defendant Nguyen violated each of these statutes in connection with the wreck that happened on January 24, 2012.

36. Defendants Nguyen and S & K Transport, and each of them, individually and vicariously, violated these state statutes, as well as the federal regulations noted in Count I above including § 392.3 and § 391.11, and were thereby negligent *per se*.

37. The injuries to Christopher Amick are the type of injuries these statutes and regulations were designed to prevent.

38. As a direct and proximate result of the defendants' violations of these statutes and regulations, Christopher Amick suffered and continues to suffer severe, permanent and progressing injuries causing him to incur medical expenses now and in the future.

39. As a direct and proximate result of the defendants' violations of these statutes and regulations, Christopher Amick experienced great physical and mental pain, anguish, and suffering and will continue to suffer in the future.

8

40. As a further direct and proximate result of the defendants' violation of the statutes and regulations, Christopher Amick has suffered an economic loss, loss of income and earning capacity and will suffer loss of income and earning capacity into the future.

41. By reason of the foregoing, plaintiffs have been damaged and are entitled to fair and reasonable compensation.

42. Defendants' conduct which caused this damage constituted willful and wanton disregard for the rights or safety of others in that the conduct was in complete indifference to and/or conscious disregard for the health and safety of Christopher Amick, and other persons similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against defendants, and each of them jointly and severally, in an amount in excess of $75,000 to be determined by the jury, for punitive damages, together with interest and costs of suit and for such other relief as is just and proper.

## COUNT III
### Punitive Damages Claim
### (Plaintiffs v. All Defendants)

43. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 42 above, as though fully set forth herein.

44. At the time Defendant Nguyen, acting individually and within the course and scope of his employment and/or agency with his co-defendant S & K Transport, was operating his vehicle and caused the crash, defendant knew, or in the exercise of ordinary care should have known, that the conduct described above constituted willful and wanton disregard for the rights or safety of others and created a high degree of probability of injury to others and thereby

9

demonstrated complete indifference to and conscious disregard for the safety of others including Christopher Amick justifying the submission of punitive damages in this case.

WHEREFORE, Plaintiffs pray for an award of damages against all defendants, and each of them, jointly and severally, for punitive damages together with interest and costs of suit and for such other relief as is just and proper.

## COUNT IV
## Loss of Consortium and Claim for Medical Expenses
### (Stephanie Amick v. All Defendants)

45. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 44 above, as though fully set forth herein.

46. As a direct result of the Defendants' aforementioned conduct and negligence, Plaintiff Stephanie Amick sustained loss of her husband's consortium, society, companionship, comfort, protection, care, attention, advice, counsel and guidance; loss of her husband's financial support; loss of her husband's services; and has incurred medical and medical monitoring expenses, which will continue to be incurred in the future.

## DEMAND FOR JURY TRIAL ON ALL ISSUES

Plaintiffs demand a trial by jury.

Dated: September 9th, 2012.

By: _____
Angle J. Schneiderman
Berenstein, Moore, Heffernan, Moeller & Johnson
300 US Bank Building
501 Pierce Street
P.O. Box 3207
Sioux City, Iowa 51101
(712) 252-0020
FAX: (712) 252-0656
Aschneiderman@berensteinlawfirm.com

10

Case 5:12-cv-04084-DEO   Document 2   Filed 09/19/12   Page 10 of 11

and

Christopher R. Miller (Pro Hac Vice Pending)
MILLER GRELL LAW GROUP, PC, LLO
201 N 8th Street, Ste. 202
Lincoln, NE 68508
(402)261-4736
(402)261-4982 FAX
chris@millergrell.com

ATTORNEYS FOR PLAINTIFFS
CHRISTOPHER AND STEPHANIE AMICK

11